UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIMOTHY CLARKIN,

Plaintiff,

v.

WHEATON COLLEGE and
PROFESSOR TIMOTHY BARKER,

Defendants.

**Civil Action No. 05-11376 NMG**

**ANSWER OF DEFENDANTS WHEATON COLLEGE AND TIMOTHY BARKER TO PLAINTIFF'S COMPLAINT**

The defendants, Wheaton College (the "College") and Timothy Barker ("Professor Barker") (collectively, "Defendants"), by their attorneys, respond to the Complaint filed by the plaintiff, Timothy Clarkin ("Clarkin"), as follows:

NATURE AND BASIS OF ACTION

1. The allegations of this paragraph contain a purported description of complaint and legal conclusions to which no response is required. To the extent that a response to any factual allegations in this paragraph is required, Defendants deny those allegations.

PARTIES

2. Defendants admit that Clarkin represented that he was a resident of New York, New York while he was enrolled at Wheaton College and that Mr.

Clarkin graduated from Wheaton College in June 2005. Defendants deny that Mr. Clarkin is currently an undergraduate student at Wheaton College, and deny the remainder of the allegations in this paragraph.

3. Admitted.

4. Defendants admit that Professor Barker is employed by Wheaton College and that he resides in Bristol County, Massachusetts. Defendants deny that Professor Barker 's current title is Professor of Astronomy and Director of Science Programs.

FACTUAL ALLEGATIONS

5. Defendants admit that Clarkin represented that he had Attention Deficit Disorder. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny said allegations.

6. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents.

7. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents.

8. Admitted.

9. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents.

10. Denied.

11. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny said allegations.

12. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny said allegations.

13. Defendants admit the allegations of the second sentence of this paragraph as they refer to tests given in the course at issue that semester. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny said allegations.

14. Defendants admit that Professor Barker allowed Clarkin to take tests and quizzes outside of the classroom to accommodate Clarkin's request for extra time and a distraction free test-taking area. Defendants deny the remaining allegations in this paragraph.

15. Defendants admit that, on at least one occasion, Professor Barker could not locate Clarkin at the location where Clarkin had said he would be taking a

quiz. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny said allegations.

16. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny said allegations.

17. Denied.

18. Defendants admit that Clarkin took a quiz given by Professor Barker outside of Professor Barker's presence on December 5, 2002. Defendants deny the remaining allegations in this paragraph.

19. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny said allegations.

20. Defendants admit that Professor Barker had a meeting in his office with Clarkin on December 9, 2002 to discuss Professor Barker's concerns about Clarkin's December 5, 2002 quiz. Defendants deny all remaining allegations in this paragraph.

21. Professor Barker admits that he did not witness Clarkin viewing the class website to copy the answers to the December 5, 2002 quiz. Defendants are

otherwise without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny said allegations.

22. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents.

23. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny said allegations.

24. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents.

25. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents.

26. Defendants admit that the College Hearing Board held a hearing on Professor Barker's allegations that Clarkin had cheated in Astronomy 140 on February 13, 2003. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents. Defendants deny the remaining allegations in this paragraph.

27. Defendants admit that the College Hearing Board made a finding that Clarkin cheated on his December 5, 2002 Astronomy quiz. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents. Defendants deny the remaining allegations in this paragraph.

28. Admitted.

29. Defendants admit that Clarkin appealed the decision of the College Hearing Board to the President and that the President upheld the decision of the College Hearing Board. Defendants deny the remaining allegations in this paragraph.

30. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents.

31. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents.

COUNT I

(Breach of Contract)

32. Defendants incorporate and reallege, as if fully set forth in this paragraph, the responses to paragraphs 1-31 above.

33. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents. Defendants deny all remaining allegations in this paragraph.

34. To the extent the allegations of this paragraph refer to written documents, Defendants state that such documents speak for themselves, and deny said allegations to the extent that they misstate or mischaracterize the written documents. Defendants deny all remaining allegations in this paragraph.

35. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny said allegations.

36. Denied.

37. Denied.

38. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

45. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

COUNT II

(Tortious Interference with Advantageous Relations)

46. Defendants incorporate and reallege, as if fully set forth in this paragraph, the responses to paragraphs 1-45 above.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

COUNT III

(Invasion of Privacy)

52. Defendants incorporate and reallege, as if fully set forth in this paragraph, the responses to paragraphs 1-51 above.

53. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

54. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

55. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny said allegations.

56. Denied.

57. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny said allegations.

58. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

COUNT IV

(Violation of the Americans with Disabilities Act)

59. Defendants incorporate and reallege, as if fully set forth in this paragraph, the responses to paragraphs 1-58 above.

60. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

61. Admitted.

62. Denied.

63. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

COUNT V

(Violation of Section 504 of the Rehabilitation Act)

64. Defendants incorporate and reallege, as if fully set forth in this paragraph, the responses to paragraphs 1-63 above.

65. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

66. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

67. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in this paragraph.

In response to Plaintiff's Prayers for Relief, Defendants deny that Plaintiff is entitled to any relief of any kind whatsoever.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed with prejudice and Defendants be awarded costs of defense, including reasonable attorney's fees, and any such relief as this Court deems just and appropriate.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims may be barred by principles of waiver, estoppel and/or laches.

**THIRD DEFENSE**

Plaintiff's claims may be barred by the applicable statutes of limitations.

**FOURTH DEFENSE**

Plaintiff's claims are barred because the documents, promises and representations referenced in the Complaint do not constitute a contract between the parties.

**FIFTH DEFENSE**

Plaintiff failed to give timely notice of any alleged breach(es).

**SIXTH DEFENSE**

Plaintiff's claims are barred to the extent that he did not incur any damages and/or has failed to mitigate his damages.

**SEVENTH DEFENSE**

Some or all of Plaintiff's claims for relief and damages are barred by M.G.L. c. 231, § 85K.

**EIGHTH DEFENSE**

Plaintiff failed to make the requisite administrative filings, to the extent such filings are required.

**NINTH DEFENSE**

Defendants reserve the right to assert additional defenses or limitations on damages upon discovery of facts presently not known.

**Jury Demand**

Defendants demand a jury trial on all claims so triable.

Respectfully submitted,

WHEATON COLLEGE and
TIMOTHY BARKER,

By their attorneys,

HOLLAND & KNIGHT LLP

Miriam J. McKendall, P.C.(BBO 548825)
Maura J. Gerhart (BBO 654695)
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Dated: July 7, 2005

**CERTIFICATE OF SERVICE**

I certify that I have caused a true and correct copy of the foregoing Answer of Defendants Wheaton College and Timothy Barker to Plaintiff's Complaint to be served on the parties listed below via first class mail on this 7th day of July, 2005:

Diane P. Caggiano, Esq.
Law Offices of Diane P. Caggiano
404 Main Street
Centerville, MA 02632

Maura J. Gerhart, Esq.

# 3008495_v1