UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY CLARKIN,<br><br>                Plaintiff,<br><br>v.<br><br>WHEATON COLLEGE and<br>PROFESSOR TIMOTHY BARKER,<br><br>                Defendants. | **Civil Action No. 05-11376 NMG** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(b) AND LOCAL RULE 1.3

Pursuant to Fed. R. Civ. P. 41(b) and Local Rule 1.3, Defendants Wheaton College and Timothy Barker ("Defendants") move to dismiss Plaintiff Timothy Clarkin's ("Plaintiff's") Complaint in its entirety with prejudice and seek sanctions on the grounds that Plaintiff has failed to prosecute this action, has failed to comply with the Federal Rules of Civil Procedure, and has failed to comply with the Local Rules of this Court.

In support of their Motion, Defendants state the following:

1. Plaintiff filed the Complaint in this action in Bristol Superior Court on or about May 31, 2005, and served Defendants on or about June 9, 2005. Defendants removed the action to this Court on or about June 29, 2005. Defendants filed their Answer on or about July 7, 2005.

2. This Court issued a Notice of Scheduling Conference dated November 14, 2005. Pursuant to this Notice, the Federal Rules of Civil Procedure, and this Court's Local Rules, the parties were required to confer and file a joint statement prior to the Scheduling Conference, counsel for each party was required to confer with its clients and file a certificate of consultation,

# 3517610_v1

and Plaintiff was required to give a written settlement proposal to Defendants. The Court set December 21, 2005 as the date for the Scheduling Conference.

3. On December 6, 2005, Defendants' counsel conferred with Plaintiff's counsel by phone regarding the issues to be discussed for preparation of the joint statement. *See* Affidavit of Miriam J. McKendall, Esq., at ¶ 2, attached hereto as Exhibit A. Defendants' counsel agreed to prepare and send to Plaintiff's counsel a draft of a joint statement for her review. *Id.*

4. On December 8, 2005, Defendants' counsel sent Plaintiff's counsel a letter via facsimile and first class mail with a draft of the joint statement attached for her review. *Id.* at ¶ 3.

5. Plaintiff's counsel did not respond to Defendants' counsel. *Id.* at ¶ 4. Defendants' counsel followed up by way of a letter (via facsimile on December 13, 2005), a voicemail message, and electronic mail messages (sent on December 15, 2005 and December 19, 2005) to Plaintiff's counsel, asking for her to respond to the draft of the joint statement. *Id.*

6. Plaintiff's counsel never responded to Defendants' counsel, despite Defendants' counsel's repeated attempts to confer about the content of the draft of the joint statement in order to finalize and file it prior to the December 21, 2005 Scheduling Conference. *Id.* at ¶ 5.

7. On December 20, 2005, after receiving no response from Plaintiff's counsel, Defendants' counsel filed a Statement of Counsel with the Court on its own behalf regarding the issues to be discussed at the Scheduling Conference. *Id.* at ¶ 6.

8. Plaintiff did not file any statement with the Court regarding the issues to be discussed at the Scheduling Conference, as required under Local Rule 16.1(D).

9. Plaintiff did not present a written settlement proposal to Defendants, as required under Local Rule 16.1(C).

10. Plaintiff's counsel did not file a certificate of consultation certifying that she had conferred with her client, as required under Local Rule 16.1(D)(3).

11. The Scheduling Conference was held on December 21, 2005. Defendants' counsel attended the Scheduling Conference. *Id.* at ¶ 7. Neither Plaintiff nor Plaintiff's counsel attended the Scheduling Conference. *Id.*

12. Per this Court's request, Defendants' counsel sent Plaintiff's counsel a letter informing Plaintiff's counsel that the Scheduling Conference had been held in her absence and that the Court requested that she inform the Court of the reason for her failure to attend the Scheduling Conference. *Id.* at ¶ 8. Defendants' counsel sent that letter to Plaintiff's counsel via facsimile, certified mail, and electronic mail on December 22, 2005. *Id.* Also, on December 22, 2005, Defendants' counsel spoke with Plaintiff's counsel by phone, informed her of the Court's request, and told her to expect that letter. *Id.* To Defendants' counsel's knowledge, Plaintiff's counsel has not submitted to the Court an explanation for her absence. *Id.*

13. After the Scheduling Conference, the Court entered a Scheduling Order which required the parties to serve their respective initial disclosures by January 6, 2006. On January 6, 2006, pursuant to that Scheduling Order, Defendants served the initial disclosures required by Fed. R. Civ. P. 26(a) on Plaintiff's counsel via facsimile, certified mail, and electronic mail. *Id.* at ¶ 9. Plaintiff has failed to meet the deadline for serving his initial disclosures on Defendants, as he has not served initial disclosures on Defendants as of this date, January 20, 2006. *Id.* at ¶ 10.

WHEREFORE, pursuant to Fed. R. Civ. P. 41(b) and Local Rule 1.3, Defendants move to dismiss Plaintiff's Complaint with prejudice and request that the Court impose additional sanctions on Plaintiff, including, but not limited to, attorneys' fees incurred by Defendants, based on Plaintiff's failure to prosecute this action, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with the Local Rules of this Court.

Respectfully submitted,

WHEATON COLLEGE and TIMOTHY BARKER,
By their attorneys,

HOLLAND & KNIGHT LLP

*/s/ Maura J. Gerhart*
Miriam J. McKendall, P.C. (BBO# 548825)
Maura J. Gerhart (BBO# 654695)
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: January 20, 2006

5

**<u>Certificate of Service</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 20, 2006.

*/s/ Maura J. Gerhart*
Maura J. Gerhart, Esq.