UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TIMOTHY CLARKIN )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>WHEATON COLLEGE, ET AL )<br>)<br>Defendants ) | DOCKET NO: 05-11376 |

**VERIFIED MOTION BY PLAINTIFF TO VACATE THE ORDER DISMISSING
THIS CASE AND RESTORE THIS CASE TO THE TRIAL LIST**

Now comes the Plaintiff, Timothy Clarkin ("Plaintiff") and hereby moves this Honorable Court pursuant to Fed.R.Civ.P. 60(b) to vacate the Order dismissing this case entered on May 8, 2006 by this Court for the reasons that extraordinary circumstances exist which warrant such relief. Klapprott v. United States, 335 U.S. 601, 614-15 (1949).

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On or about May 31, 2005 the plaintiff filed this civil action in the Superior Court Department of Bristol County alleging against defendant Wheaton College and Timothy Barker ("defendants"), inter alia, disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. Seq. and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 et. seq. The defendants subsequently removed this action to the United States District Court for the District of Massachusetts and filed their Answer to plaintiff's Complaint. A scheduling conference was scheduled for December 20, 2005. Plaintiff's counsel, however, due to extraordinary circumstances was unable to attend

1

said conference. Defendants thereafter filed a Motion to Dismiss for plaintiff's failure to prosecute the case and comply with the Federal Rules of Civil Procedure which was granted on May 8, 2006.

Plaintiff now has retained new legal counsel and, in the interest of justice, seeks to vacate the Order of Dismissal and restore this case to the active trial list.

II.   ARGUMENT

Plaintiff seeks to vacate the judgment under Fed.R.Civ.P. 60(b)(6). Rule 60(b) invested the federal courts with the power to "vacate judgments whenever such action is appropriate to accomplish justice". Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v Superline Transportation Company, Inc. 953 F.2d 17, 19 (1st Cir. 1992) see also Klapprott v. United States, 335 U.S. 601, 614-15 (1949). Rule 60(b)(6) provides, in pertinent part:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons… (6) any other reason justifying relief from the operation of the judgment."

Rule 60(b)(6) contains the residual clause, giving the court ample power to vacate a judgment whenever such action is appropriate to accomplish substantial justice. Pierre v Bemuth, Lembeke Co., 20 FRD 116 (SD NY 1956). The essential function of Rule 60(b)(6) is to preserve the delicate balance between finality of judgment and the incessant command of the court's conscience that justice be done in light of all the facts. Duco Enters. v Abdelnour, 1994 Mass App Div 103 (1994). In making a Rule 60(b)(6) determination, a trial judge must not only consider whether the moving party has a

2

meritorious claim or defense, whether extraordinary circumstances warrant relief and whether the substantial rights of the parties are implicated, but must also remain cognizant that the primary purpose of Rule 60(b)(6) is to accomplish substantial justice. Id. The rule must be construed so as to recognize the desirability of deciding disputes on their merits. Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v Superline Transportation Company, Inc. 953 F.2d 17, 19 (1st Cir. 1992). The need to harmonize these competing policies has led courts to pronounce themselves disinclined to disturb judgments under the aegis of Rule 60(b) unless the movant can demonstrate that certain criteria have been achieved. Id. at 20. In general, these criteria include (1) timeliness, (2) the existence of exceptional circumstances justifying extraordinary relief, and (3) the absence of unfair prejudice to the opposing party. Id. citing Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990); United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 660-61 (1st Cir. 1990); In re Pacific Far East Lines, Inc., 889 F.2d 242, 249 (9th Cir. 1989).

    1.    <u>Timeliness</u>

No specific time period for filing a motion to vacate an order of dismissal pursuant to Rule 60(b)(6) is given, except that under Rule 60(b)(6) the motion must be made within a "reasonable time." United States v. Boch Oldsmobile Inc., et al, 909 F.2d 657 (1st Cir. 1990). Rule 60(b)(4)-(6) may occasionally be more than the one-year limit provided for motions under Rule 60(b)(1)-(3). United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 660-61 (1st Cir. 1990). What constitutes reasonable time, however, depends on the facts of each case. United States v. Berenguer, 821 F.2d 19, 21 (1st Cir. 1987); United States v. Holtzman, 762 F.2d 720, 725 (9th Cir. 1985).

The Order of Dismissal in this case was entered <u>only</u> five (5) months ago on May 8, 2006. Plaintiff, upon learning of the dismissal, retained new counsel to pursue this action and assist in vacating the dismissal. Where federal courts have found motions to vacate timely filed even when filed beyond one year from entry of dismissal, this court should find that the five (5) month time frame in which plaintiff seeks to vacate the order of dismissal to be reasonable.

2. <u>Extraordinary Circumstances Warrant Allowance of This Motion</u>.

Plaintiff states that extraordinary circumstances exist, which warrant the allowance of this Motion. Due to severe symptoms Plaintiff's counsel suffered she was unable to prosecute this action. Plaintiff asserts that his attorney's medical issues prevented her from competently prosecuting this case and as such plaintiff was irreparably harmed.

Plaintiff's counsel experienced and suffered from severe medical issues which hindered her performance in pursuing this case.[1] Specifically, Plaintiff's counsel suffers from severe symptoms of acute Major Depressive Disorder. While Plaintiff has been prescribed and has been taking medication for her disorder, during the course of litigating this case, she experienced heightened physical and emotional complications, such as, chronic fatigue, and severe disorganization, confusion and inability to remember non-habitualized responsibilities, which rendered her incapable of competently representing Plaintiff.

---

[1] Plaintiff's counsel has in her possession the medical records with substantiate the medical diagnosis and symptoms referenced herein. As a matter of confidentiality, however, Plaintiff's counsel has purposefully omitted the medical records from this Motion. Plaintiff's counsel will make said medical records available forthwith upon request.

4

Furthermore, Plaintiff's counsel unexpectedly lost her partner and her father was recently diagnosed with Alzheimer's and has been placed in an assisted living facility. This has necessitated Plaintiff's counsel taking her mother into her home and caring for her. These circumstances only contributed to the depression and other difficulties she suffered and continues to suffer

It is important to note, however, that at the outset of this case Plaintiff's counsel vigorously pursued the claims of the Plaintiff in a competent and proficient manner. This is evidenced by the draftsmanship of the Complaint.

Plaintiff's counsel's doctor has recommended she take a medical leave of absence. Therefore, Plaintiff's counsel realizing she is, at the present time, unable to competently represent the Plaintiff, has found legal counsel to undertake representation of Plaintiff in the event this Court grants the within Motion. In fact, attached hereto as Exhibit "A" are the Notices of Appearance of Attorneys Theodore H. Goguen, Jr. and Charles S. Pappas, who have agreed to represent Plaintiff, provided the judgment is vacated. Furthermore, Plaintiff's counsel attaches as Exhibit "B" her Notice of Withdrawal to be filed with the granting of this Motion.

The extraordinary circumstances set forth above should warrant the allowance of this Motion.

3.   <u>Defendants Are Not Prejudiced By The Allowance of This Motion.</u>

The allowance of this Motion will not prejudice the defendants. The Order of Dismissal entered approximately 5 months ago. The defendants stand in the same position to defend this case as they would have been had the Order of Dismissal not entered. The necessary witnesses and evidence for this case have not been lost. The

plaintiff will agree to an expedited scheduling order to place the case in approximately the same pasture it would have been had plaintiff's attorney not come under a disability.

    4.    <u>This Motion Should Be Allowed In Order To Accomplish Substantial Justice.</u>

Rule 60(b) invested the federal courts, in certain carefully delimited situations, with the power to "vacate judgments whenever such action is appropriate to accomplish justice". <u>Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v Superline Transportation Company, Inc.</u> 953 F.2d 17, 19 (1st Cir. 1992) see also <u>Klapprott v. United States</u>, 335 U.S. 601, 614-15 (1949). Black's Law Dictionary defines justice as "the constant and perpetual disposition to render every [person their] due." <u>Black's Law Dictionary</u>, p. 1050 (1933). Rule 60(b)(6) can be interpreted as a means to preserve justice in situations where extraordinary circumstances have prevented proper procedural posture. "In simple English, the language of the 'other reason' clause . . . vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." <u>Klapprott v. United States</u>, 335 U.S. 601, 614 (1949). Specific to the issue of form versus substance, "the uniform practice of this court for many years has been to hear the whole case upon the petition . . . and to enable the court to deal with the substantial justice of the case, untrammeled by merely formal and technical defects in the record." <u>Tewksbury v. County Comm'rs of Middlesex</u>, 117 Mass. 563 at 564. To preserve the interests of substantial justice the Court should take into consideration all the circumstances involved and render a decision based on the substantive claims of the Plaintiff.

6

As the cases cited herein establish, the Courts have vacated judgments, in the interests if substantial justice, in cases involving attorney error where the party is a non-participant in the mistake. Relief from an order of dismissal should be granted where the plaintiff is unaware of the failure to prosecute, does not share in any of the fault and files a Rule 60 (b)(6) motion as soon as new counsel becomes involved. King v. Mordowanec, 46 F.R.D. 474, 480 (1969). Because the plaintiff's counsel suffered from acute Major Depressive Disorder, a mental affliction beyond the control of both attorney and client, she was unable to represent the plaintiff in any effective capacity. It is clear that any procedural errors in this case arose out of extraordinary circumstances that the plaintiff in no way participated in or had any reason to know of.

Further, as a precondition to relief under Rule 60 (b) "a litigant must give the trial court reason to believe that vacating the judgment will not be an empty exercise". Teamsters et.al v. Superline Trans. Co., 953 F.2d 17, 19. Here, the plaintiff has alleged a meritorious claim, to wit, discrimination based upon his disability. Plaintiff asserts that the pleadings and discovery thus far provides evidence to support his claims. Furthermore, Plaintiff's counsel has executed a withdrawal of appearance eliminating the issues of her not being able to perform her duties to her client in the future.

Therefore, in the interest of substantial justice, this case should be decided on its substantive merits not on technical errors arising out of extraordinary and unfortunate circumstances completely out of the plaintiff's control or knowledge.

III. **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests this Honorable Court find these extraordinary circumstances warrant relief and vacate the judgment and restore this case to the trial docket.

          Respectfully Submitted:
          Plaintiff, Timothy Clarkin
          By His Attorney:

          _____
          Diane P. Caggiano, Esq.
          BBO# 644340
          P.O. Box 183
          280 Winter Street
          Hyannis, MA 02601
          (508) 775-4560

Date: October 6, 2006

I, Diane P. Caggiano, Attorney for the Plaintiff on this 6th day of October 2006 hereby set my hand and seal upon this Verified Motion under the pains and penalties of perjury stating that the facts and medical conditions referenced herein are true and accurate.

          _____
          Diane P. Caggiano

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served upon the attorney(s) of record for each other party by mail /hand on  11/1/06 .

/s/ _____

8

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY CLARKIN ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> WHEATON COLLEGE, ET AL ) <br> ) <br> Defendants ) | DOCKET NO: 05-11376 |

### NOTICE OF APPEARANCE

Kindly enter my appearance as counsel for the Plaintiff, Timothy Clarkin in the above captioned case.

                                      Respectfully Submitted:
                                      Plaintiff, Timothy Clarkin
                                      By his Attorney:

                                      */s/ Theodore H. Goguen, Jr.*
                                      Theodore H. Goguen, Jr., Esquire
                                      (BBO# 196740)
                                      GOGUEN, MCLAUGHLIN, RICHARDS
                                      & MAHANEY, LLP
                                      2 Pleasant Street
                                      S. Natick, MA 01760
                                      Tel. (508) 651-1000

Date: October 6, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY CLARKIN )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>WHEATON COLLEGE, ET AL )<br>)<br>Defendants ) | DOCKET NO: 05-11376 |

### NOTICE OF APPEARANCE

Kindly enter my appearance as counsel for the Plaintiff, Timothy Clarkin in the above captioned case.

                                        Respectfully Submitted:
                                        Plaintiff, Timothy Clarkin
                                        By his Attorney:

                                        Charles S. Pappas, Esquire
                                        (BBO# 663281)
                                        GOGUEN, MCLAUGHLIN, RICHARDS
                                        & MAHANEY, LLP
                                        2 Pleasant Street
                                        S. Natick, MA 01760
                                        Tel. (508) 651-1000

Date: October 6, 2006

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY CLARKIN<br><br>  Plaintiff<br><br>v.<br><br>WHEATON COLLEGE, ET AL<br><br>  Defendants | DOCKET NO: 05-11376 |

### NOTICE OF WITHDRAWAL

Kindly withdraw the appearance of Diane P. Caggiano as counsel for the Plaintiff, Timothy Clarkin in the above captioned case.

                                                Respectfully Submitted:
                                                Plaintiff, Timothy Clarkin
                                                By His Attorney:

                                                _/s/ Diane P. Caggiano_
                                                Diane P. Caggiano, Esq.
                                                BBO# 644340
                                                P.O. Box 183
                                                280 Winter Street
                                                Hyannis, MA 02601
                                                (508) 775-4560

Date: October 6, 2006