United States District Court
District of Massachusetts

| | |
|---|---|
| TIMOTHY CLARKIN,<br>      Plaintiff,<br><br>      v.<br><br>WHEATON COLLEGE and TIMOTHY BARKER,<br>      Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.<br>) 05-11376-NMG<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

GORTON, J.

    The underlying matter involves a student's allegations of, inter alia, discrimination in violation of the Americans with Disabilities Act brought against his college and professor. The civil matter was dismissed for failure to prosecute. Now pending before the Court is a motion by the plaintiff to vacate the dismissal order.

I. **Background**

    In May, 2005, plaintiff Timothy Clarkin ("Clarkin") filed a civil action in the Superior Court of Bristol County against defendants Wheaton College and Timothy Barker ("the defendants") alleging, inter alia, disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

-1-

and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 et seq. The allegations arose from the College's student disciplinary process and its determination that Clarkin violated the College Honor Code in December, 2002.

The action was removed to this Court and a scheduling conference was scheduled for December 20, 2005. The parties failed to file a joint statement prior to the conference because, despite several attempts by the defendants, the plaintiff's attorney failed to respond in any way. Neither Clarkin nor his counsel attended the scheduling conference. The Court entered a Scheduling Order and instructed defendants' counsel to notify plaintiff's counsel of the events at the scheduling conference and to inform her that the Court expected an explanation for her failure to attend the conference. Despite being so informed, Plaintiff's never submitted such an explanation to the Court. Clarkin did not comply with any filing deadlines nor respond to the defendants' requests in accordance with the Court's Scheduling Order.

On January 20, 2006, the defendants moved to dismiss the case for failure to prosecute. Three days after service of the motion to dismiss, the plaintiff's counsel provided the initial disclosures required in the Scheduling Order and apologized for the delays. She did not, however, file an opposition to the motion to dismiss. Several days later, another attorney, Lindsey

Straus, Esq., contacted the defendants and informed them that she would be co-counsel on the case. Attorney Straus never entered an appearance in the case nor did she, or Plaintiff's counsel, file an opposition to the motion to dismiss. Finally, five months after the filing of the motion to dismiss, the Court allowed the defendant's motion on May 8, 2006.

Nearly six months later, the plaintiff filed this present motion to vacate the judgment. Having retained new counsel, the plaintiff contends that his earlier failure to prosecute was caused by his prior attorney's medical and personal problems which prevented her from competently prosecuting the case. The defendants oppose the motion and request an award of attorneys' fees and costs incurred in opposing the motion.

## II. Motion to Vacate

### A. Standard of Review

Fed.R.Civ.P. 60(b) provides the federal court with the power to "vacate judgments whenever such action is appropriate to accomplish justice." Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transportation Co., Inc., 953 F.2d 17, 19 (1st Cir. 1992)(quoting Klapprott v. United States, 335 U.S. 601, 614-15 (1949)). Rule 60(b) offers six grounds upon which a party can seek relief from a judgment: 1) mistake, inadvertence, surprise, or excusable neglect, 2)

newly discovered evidence, 3) fraud, misrepresentations or misconduct by the adversary, 4) judgment is void, 5) judgment satisfied, released or discharged or 6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b).

Application of the rule requires the Court to balance two important principles: 1) finality of court judgments and 2) the desirability of deciding disputes on their merits. The First Circuit Court of Appeals has described Rule 60(b) as a "vehicle for 'extraordinary relief' ... motions invoking this rule should be granted 'only under exceptional circumstances'". Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 64 (1st Cir. 2001)(citations omitted). Although disinclined to use Rule 60(b) to disturb a final judgment, the First Circuit states that such a remedy may be appropriate where a movant can demonstrate: 1) timeliness, 2) the existence of exceptional circumstances, 3) the absence of unfair prejudice to the opposing party and 4) a meritorious claim. See Teamsters, 953 F.2d at 20-21 (citing cases).

**B.   Discussion**

Although Clarkin waited nearly six months to raise this claim, he correctly notes that a Rule 60(b) filing has no specific time period except that it must be within a "reasonable time". In this case, the plaintiff contends that the delay was

caused by his retention of new counsel to pursue the action after learning of the dismissal. The defendants raise no objection to the timeliness of Clarkin's motion and the Court concludes that the motion was within such reasonable time.

The substantive issue in the pending motion is whether the plaintiff has sufficiently demonstrated the existence of "exceptional circumstances". The plaintiff's sole excuse for failing to prosecute is his attorney's personal and medical issues. He asserts that his counsel suffered from acute Major Depressive Disorder and that her prescribed medication caused heightened physical and emotional complications which rendered her incapable of representing Clarkin. Furthermore, she was absent for periods of time as a result of the unexpected loss of her partner and her father's recent diagnosis with Alzheimer's. Those events not only caused further delays in her ability to represent Clarkin but also contributed to her depression.

The defendants contend that the particular circumstances surrounding the mental health of Clarkin's counsel are unfortunate but insufficient to qualify for Rule 60(b) relief. First, with respect to the category of "excusable neglect" in Rule 60(b)(1), the First Circuit has previously held that "a lawyer's duty of diligence transcends both upheaval at work and personal tragedy". Davila-Alvarez, 257 F.3d at 65 (finding that death of brother of plaintiff's counsel did not absolve counsel

of responsibility for diligently pursuing the action).  Second, even if the Rule 60(b)(6) catch-all provision for "extraordinary circumstances" were to apply in this case, Clarkin has failed to demonstrate that his counsel engaged in the kind of inexcusable, gross neglect which would entitle him to such relief.  The defendants correctly note that application of Rule 60(b)(6) is rare and requires a demonstration that the conduct was "gross and inexcusable".  Chang v. Smith, 778 F.2d 83, 85 (1st Cir. 1985).

The facts of this case are not the kind in which the plaintiff has sufficiently demonstrated either excusable neglect or gross and inexcusable conduct.  The actions of plaintiff's counsel were inconsistent: at times engaged in a more active representation of Clarkin, responding to defendants' inquiries and making decisions regarding how to pursue the lawsuit, and at other times, unresponsive.  Moreover, another attorney contacted the defendants and announced that she would be co-counsel on the case but never entered a formal appearance nor filed a response to any pleadings.  While the circumstances in plaintiff counsel's personal life are unfortunate, the Court is unpersuaded that such events were sufficient to qualify as excusable conduct under First Circuit law.

Although the Court's conclusion seems to penalize the plaintiff for his counsel's failings, the Court finds that blame does not rest entirely on counsel's shoulders.  As the First

Circuit has stated:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

Damiani v. Rhode Island Hosp., 704 F.2d 12, 16 (1st Cir. 1983)(internal quotation omitted)(citing Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962)). Moreover, as Justice Harlan stated in Link, keeping a suit alive "merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of the plaintiff's lawyer upon the defendant." Id. at 634 n.10.

In this case, neither Clarkin nor his attorney made sufficient efforts to pursue this litigation. Clarkin provides no credible explanation for his own actions (or lack thereof) in allowing this case to stagnate. Our system of litigation mandates that parties be engaged, aware of and bound by the actions of their counsel and the Court sees no reason to carve out an exception in this case.

Finally, the plaintiff has failed to address in any way the requirement that he demonstrate he has a meritorious claim which, if proven, is likely to bring success. In a cursory manner, he

states simply that he has "alleged a meritorious claim, to wit, discrimination based upon disability." The First Circuit has clearly stated that the mere allegation of the existence of a meritorious claim is insufficient. "[I]f the allegation is purely conclusory, [it] will not suffice to satisfy the precondition to Rule 60(b) relief." <u>Teamsters</u>, 953 F.2d at 21 (citations omitted). In this case, the plaintiff has failed to provide anything more than such conclusory, sweeping statements. They are unavailing.

## ORDER

For the reasons stated in the Memorandum, the motion of plaintiff to vacate the order dismissing the case (Docket No. 14) is **DENIED**. The defendants' request for attorneys' fees and costs is also **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: April 30, 2007